OPINION *Page 2 
{¶ 1} On September 15, 2006, appellant, Joseph Foster, was arrested for aggravated robbery and robbery. He was taken to jail. Four days later, appellant began serving a ninety day jail sentence for an unrelated misdemeanor case. His sentence was complete on December 14, 2006, but he remained incarcerated on the aggravated robbery/robbery charges.
 {¶ 2} On January 11, 2007, the Richland County Grand Jury indicted appellant on one count of aggravated robbery with a firearm specification in violation of R.C. 2911.01 and one count of robbery in violation of R.C. 2911.02. Appellant was arraigned on January 23, 2007, and a trial date was set for January 29, 2007. However, by order filed January 26, 2007, the trial court continued the trial date to March 26, 2007 due to a scheduling conflict with a civil case.
 {¶ 3} Thereafter, the trial court discovered appellant's case should have been assigned to a different trial judge. The case was transferred, and by order filed January 31, 2007, the new trial court continued appellant's trial date from March 26, 2007 to March 29, 2007.
 {¶ 4} On March 26, 2007, appellant filed a motion to dismiss based upon violations of his speedy trial rights. A hearing was held on March 28, 2007. By order filed same date, the trial court denied the motion.
 {¶ 5} A jury trial commenced on March 29, 2007. The jury found appellant guilty as charged. By sentencing entry filed April 3, 2007, the trial court sentenced appellant to ten years in prison, plus three years for the firearm specification. *Page 3 
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 7} "THE STATE VIOLATED DEFENDANT'S STATUTORY AND CONSTITUTIONAL RIGHTS TO SPEEDY TRIAL BY COMMENCING TRIAL HEREIN MORE THAN TWO HUNDRED SEVENTY `SPEEDY TRIAL' DAYS AFTER THE INITIATION OF PROSECUTION."
 II {¶ 8} "THE COURT ERRED IN ADMITTING, OVER TIMELY DEFENSE OBJECTION, EVIDENCE OF PLEA DISCUSSIONS INITIATED BY THE DEFENDANT AFTER ARREST."
 I {¶ 9} Appellant claims the trial court erred in denying his motion to dismiss for failure to bring him to trial in a timely manner pursuant to R.C. 2945.71 — R.C. 2945.73. We disagree.
 {¶ 10} R.C. 2945.71 governs time within which hearing or trial must be held. Subsection (C)(2) states, "A person against whom a charge of felony is pending: (2) Shall be brought to trial within two hundred seventy days after the person's arrest."
 {¶ 11} Appellant argues the trial court's continuances were unreasonable and therefore did not extend the time for trial under R.C.2945.72(H) which states:
 {¶ 12} "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following: *Page 4 
 {¶ 13} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."
 {¶ 14} It is appellant's position that the delay of indictment, from September 15, 2006 to January 11, 2007, forced the trial court to set a trial date for January 29, 2007, some six days after the January 23, 2007 arraignment. Appellant argues this trial date was a sham because the trial court knew it was in the process of trying a complicated civil case and therefore the date was unavailable.
 {¶ 15} By order filed January 26, 2007, the trial court continued appellant's trial date of January 29, 2007, stating the continuance was necessary "because the case of Riggenbach v. Ashland HospitalAssn., Case No. 05-CV-612 continued to trial this date." Thereafter, appellant's case was transferred to another trial judge, and that trial court continued the case again, stating "[d]ue to clerical error on the part of the judge's staff, this case is continued for jury trial from March 26, 2007 and rescheduled to March 29, 2007." Both continuances were made within the two hundred seventy day rule.
 {¶ 16} The reason for the first continuance was explained by defense counsel during the motion to dismiss hearing as follows:
 {¶ 17} "On January the 26th, in the middle of that civil jury trial, Judge Henson's office set the case for trial for January 29th. That Riggenbach versus Ashland Hospital Association, which was the civil trial Judge Henson was involved in, did not conclude until February 2nd. So Joseph's trial was set in the middle of a case, which I'm submitting to the Court, could not even be reasonably tried because they were in the middle of another case at the time. The case then was apparently then reset and *Page 5 
transferred over to this Court, was reset for March the 26th and then moved to the 29th." March 28, 2007 T. at 3-4.
 {¶ 18} We find the reasons for the continuances fall within the provisions of R.C. 2945.72(H). The fact that the civil case was on-going during the original scheduling of appellant's case does not make the date a sham. The civil case could have been resolved prior to appellant's scheduled trial date.
 {¶ 19} Based upon the facts and circumstances presented by this case, we find the trial courts' judgment entries explain the necessity and reasonableness of the continuances, and conform to R.C. 2945.72(H).
 {¶ 20} Assignment of Error I is denied.
 II {¶ 21} Appellant claims the trial court erred in permitting evidence of his plea discussions. We disagree.
 {¶ 22} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 23} Evid.R. 410 governs inadmissibility of pleas, offers of pleas, and related statements. Subsection (A)(5) states the following:
 {¶ 24} "(A) Except as provided in division (B) of this rule, evidence of the following is not admissible in any civil or criminal proceeding against the defendant who *Page 6 
made the plea or who was a participant personally or through counsel in the plea discussions:
 {¶ 25} "(5) any statement made in the course of plea discussions in which counsel for the prosecuting authority or for the defendant was a participant and that do not result in a plea of guilty or that result in a plea of guilty later withdrawn."
 {¶ 26} In State v. Frazier (1995), 73 Ohio St.3d 323, syllabus, the Supreme Court of Ohio held the following:
 {¶ 27} "In determining admissibility of statements made during alleged plea discussions, the trial court must first determine whether, at the time of the statements, the accused had a subjective expectation that a plea was being negotiated. The trial court must then determine whether such an expectation was reasonable under the circumstances. (Evid.R. 410, analyzed.)"
 {¶ 28} As pointed out in Frazier at 337, the totality of the circumstances must be reviewed.
 {¶ 29} In the case sub judice, during trial, Ontario Police Lieutenant Riley Snavely was permitted to testify about appellant's statements concerning the incident as follows:
 {¶ 30} "Q. Okay. Did he give you any indication as to whether or not he had any source of knowledge about this incident?
 {¶ 31} "A. Yes, he did. He advised that there was word on the street that he could provide information if it would benefit him in some way, shape or form.
 {¶ 32} "Q. Okay. So he is sitting there charged with aggravated robbery saying, I wasn't involved, but I know information on the street I could give you if it will help me? *Page 7 
 {¶ 33} "A. Right.
 {¶ 34} "Q. And what specifically did he want to get, if anything?
 {¶ 35} "A. Well, he discussed probation, house arrest and other options such as that.
 {¶ 36} "Q. All right. Is it fair to say that he maintained that position throughout the interview?
 {¶ 37} "A. Yes.
 {¶ 38} "Q. Okay. Is it fair to say one of your primary interests was finding out, if possible, who the two accomplices were?
 {¶ 39} "A. My primary objective at that point in time was to identify the other two suspects and to potentially locate the weapon used in the crime so the weapon could not be used in a similar crime or another crime. That was my primary objective.
 {¶ 40} "Q. All right. And it is fair to say that you were not in a position to promise or offer him probation or house arrest?
 {¶ 41} "A. No, I am not in a position. I am up front with everyone. Everyone that I come into contact with wants to make a deal. I can make this much of a deal. I can pick up the phone, call the prosecutor, and put them in touch with the prosecutor. The prosecutors can get in touch with judges. And that is how deals are made. Cops can't make deals. We are not judges and not prosecutors, and, therefore, we can't participate in deals.
 {¶ 42} "Q. Okay. And, in fact, did you make any effort to contact a prosecutor?
 {¶ 43} "A. In fact, I did. I believe I called First Assistant Prosecutor Bob Castor, and I was advised to advise Mr. Foster to get with his counsel once he — *Page 8 
 {¶ 44} "MR. HITCHMAN: I am going to object.
 {¶ 45} "THE COURT: Sustained.
 {¶ 46} "A. Once — —
 {¶ 47} "Q. No, you have to stop. Is it fair to say that, well, first of all, you are not in a position to cut a deal with Joey Foster?
 {¶ 48} "A. That's right.
 {¶ 49} "Q. And as a result, although he indicates he has information, he is not willing to give it to you?
 {¶ 50} "A. Correct." T. at 284-286.
 {¶ 51} We find this testimony to be very similar to the testimony found to be admissible in Frazier. See, Frazier at 337. In appellant's case, the discussion regarding a plea was one-sided and initiated by appellant, the police informed appellant they were not able to negotiate any plea, a prosecutor was not involved in the discussion, and basically no evidence other than appellant's attempt to cut a deal was admitted.
 {¶ 52} Upon review, we find the trial court did not abuse its discretion in not striking the complained of testimony.
 {¶ 53} Assignment of Error II is denied. *Page 9 
 {¶ 54} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
 By Farmer, J. Gwin, P.J. and Wise, J. concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. *Page 1